UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN FRANCISCO MARTINEZ-PEREZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil No.: 3:17-cv-00508-GPC<br>Criminal No.: 3:14-cr-00106-GPC-1<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 AND MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2).**<br><br>**[Dkt. Nos. 47, 51]** |

On November 21, 2014, this Court sentenced Petitioner Juan Francisco Martinez-Perez ("Petitioner") to fifty-seven (57) months imprisonment and three (3) years supervised release based on his guilty plea of knowingly and intentionally attempting to enter the United States without the express consent of the Attorney General in violation of 8 U.S.C. § 1326. Dkt. No. 33; Dkt. No. 19 at 2. Petitioner now brings two motions to vacate, set aside, or correct his sentence under title 28 U.S.C. § 2255 ("§ 2255") and title 18 U.S.C. § 3582 ("§ 3582") based on Amendment 802 to the United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2. Dkt. No. 47 at 1-2; Dkt. No. 51 at 1-2. Upon review of the moving papers, the applicable law, and for the following reasons, the Court **DENIES** both motions.

**BACKGROUND**

On February 18, 2014, Petitioner signed a plea agreement, pleading guilty to attempting to reenter the United States illegally after removal. Dkt. No. 19 at 2.[1] The Presentencing Report recommended a sentence of sixty-three (63) months of imprisonment and three (3) years of supervised release. Dkt. No. 23 at 17. This Court subsequently sentenced Petitioner to fifty-seven (57) months imprisonment and three (3) years of supervised release. Dkt. No. 33.

Petitioner previously filed a motion to vacate his sentence under § 2255 on May 7, 2015. Dkt. No. 37. This Court denied that motion primarily on the grounds that Petitioner had waived his right to collaterally attack his sentence through his plea agreement. Dkt. No. 43 at 3-4.

The instant motions followed. Dkt. No. 47; Dkt. No. 51. The Court construed the first motion, filed on March 14, 2017, as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and construed the second motion, filed on March 28, 2017, as a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). Because the two motions were identical in content, the Court granted Respondent permission to file an omnibus response. Respondent, in turn, filed an opposition on April 25, 2017. Dkt. No. 56. Petitioner did not file a reply.

**DISCUSSION**

**I.      Successive 28 U.S.C. § 2255 motions**

"A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *U.S. v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011) (quoting 28 U.S.C. § 2255). Under § 2255(h), a successive motion must contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would

---

[1] Unless otherwise noted, docket entries refer to the criminal docket.

be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. Before filing a second § 2255 motion, a three-judge panel from the appropriate court of appeals must certify that the motion meets the requirements of § 2255(h) and then issue an order authorizing the district court to consider the application. 28 U.S.C. § 2244(3).

Petitioner, here, did not obtain authorization from a court of appeals panel before filing his successive § 2255 motion. *See Washington*, 653 F.3d at 1059; *see also* 28 U.S.C. § 2255(h). Accordingly, and to the extent that the Court construed Petitioner's request as a § 2255 motion, such a request for relief is denied as successive.

**II.        Applying Amendment 802 retroactively in § 3582 motion**

Petitioner can bring a claim to reduce his sentence based on a subsequent amendment pursuant to 18 U.S.C. § 3582, but only if the amendment can be applied to his sentence retroactively. "Absent an ex post facto problem, the district court must apply the version of the Guidelines in effect at the time of sentencing." *U.S. v. Cueto*, 9 F.3d 1438, 1440 (9th Cir. 1993). However, when sentencing ranges are reduced after a defendant's sentencing, such a reduction can be applied to that defendant's sentence retroactively "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

"[W]hen an amendment is a clarification, rather than an alteration, of existing law, then it should be used in interpreting the provision in question retroactively." *U.S. v. Aquino*, 242 F.3d 859, 865 (9th Cir. 2001). In deciding whether an amendment is a substantive alteration or a clarification, the Ninth Circuit looks to "(1) whether the amendment is included on the list of retroactive amendments found in U.S.S.G. § 1B1.10; (2) whether the Commission itself characterized the amendment as a clarification; and (3)

whether the amendment resolves a circuit conflict." *See U.S. v. Van Alstyne*, 584 F.3d 803, 818 (9th Cir. 2009). [2]

Other circuits have declined to apply Amendment 802 retroactively because it is not listed in U.S.S.G. § 1B1.10(d) as a retroactive amendment. *See Paulino*, 678 F. App'x at 58; *U.S. v. Gonzalez-Ramos*, — F. App'x —, 2017 WL 2533359, at *1 (10th Cir. 2017).

The reasoning of the Third and Tenth Circuits likewise dictates the outcome here. Because Amendment 802 is not listed in U.S.S.G. § 1B1.10(d), the first factor of the *Van Alstyne* test cuts against retroactivity. *See Van Alystne*, 584 F.3d at 818. The second and third factors are similarly missing. Petitioner states that his sentence was assessed based upon U.S.S.G. § 2L1.2(a), which previously stated that the base offense for "Unlawfully Entering or Remaining in the United States" was a level sixteen (16) and currently states that the base offense level is eight (8). Dkt. No. 51 at 1. Yet because Amendment 802 substantively altered the content of the sentencing range, it is not a "clarification" of existing law and thus cannot apply retroactively.[3] *See Aquino*, 242 F.3d at 865.

In sum, because Amendment 802 reduced the sentencing range available under § 21B.1, the amendment should apply retroactively only if retroactivity is consistent with a policy statement issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 802, however, is specifically omitted from U.S.S.G. § 1B1.10(d), the provision listing retroactive amendments. Accordingly, the Court concludes that Amendment 802 is not retroactive under 18 U.S.C. § 3582(c)(2).

/ / / /

---

[2] The *Van Alstyne* test specifically states that courts should look to the "list of retroactive amendments found in U.S.S.G. § 1B1.10(c)." *Id.* The Court observes, however, that the list of retroactive amendments is currently found in U.S.S.G. § 1B1.10(d). *See U.S. v. Paulino*, 678 F. App'x 57, 58 (3d Cir. 2017) ("an amendment cannot be applied retroactively if it is not listed in former § 1B1.10(c), now § 1B1.10(d)."). Accordingly, the Court looks to § 1B1.10(d).

[3] Petitioner cites to no authority indicating that there is a circuit split concerning the retroactivity of Amendment 802 of the U.S.S.G.

1     **III.**       **Evidentiary Hearing**

2        "Unless the motion and the files and records of the case conclusively show that the

3 prisoner is entitled to no relief," the Court must hold an evidentiary hearing on the merits

4 of a § 2255 motion. 28 U.S.C. § 2255(b). The Ninth Circuit has explained the "standard

5 essentially is whether the movant has made specific factual allegations that, if true, state a

6 claim on which relief could be granted." *U.S. v. Schaflander*, 743 F.2d 714, 717 (9th Cir.

7 1984) (per curiam). Therefore, an evidentiary hearing is unnecessary if the allegations,

8 "when viewed against the record, do not state a claim for relief or are so palpably

9 incredible or patently frivolous as to warrant summary dismissal." *U.S. v. Leonti*, 326

10 F.3d 1111, 1116 (9th Cir. 2003) (internal quotation marks omitted).

11        Petitioner cannot allege a § 2255 claim because he has previously filed another

12 § 2255 motion and has not obtained authorization from the appropriate court of appeals to

13 bring another. Furthermore, Petitioner did not state a § 3582 claim because Amendment

14 802 is a clarifying amendment, and thus cannot be applied retroactively. Accordingly,

15 Petitioner's claims do not merit holding an evidentiary hearing.

16     **IV.**       **Certificate of Appealability**

17        Under AEDPA, a prisoner seeking to appeal a district court's denial of a habeas

18 petition must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). The

19 district court may issue a certificate of appealability "only if the applicant has made a

20 substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To

21 satisfy this standard, a petitioner must show that "reasonable jurists would find the

22 district court's assessment of the constitutional claims debatable or wrong." *Slack v.*

23 *McDaniel*, 529 U.S. 473, 484 (2000).

24        For the reasons stated above, Petitioner has not made a substantial showing of the

25 denial of a constitutional right. Accordingly, this Court *sua sponte* **DENIES** granting

26 Petitioner a certificate of appealability.

27     / / / /

28     / / / /

1

## CONCLUSION

2      For the foregoing reasons, this Court **DENIES** Petitioner's motion to vacate, set

3  aside, or correct sentence under 28 U.S.C. § 2255 and Petitioner's motion for reduction of

4  sentence under 18 U.S.C. § 3582(c)(2).

5      **IT IS SO ORDERED.**

6

7  Dated:  September 5, 2017

8                                                          Hon. Gonzalo P. Curiel
                                                           United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3:17-cv-00508-GPC